IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

OCTOBER TERM, 1864, AT ST. LOUIS.

———————

KELLY & ELLIS, Respondents, *v.* LEWIS SAUNDERS, Appellant.

*Practice—Continuance.*—Reasonable diligence to procure the attendance of witnesses and in preparing for trial must be shown, to authorize the application for a continuance.

*Practice—New Trial—Newly Discovered Evidence.*—Upon an application for a new trial upon the ground of newly discovered evidence, it must appear that the evidence was newly discovered.

*Appeal from Hannibal Court of Common Pleas.*

*J. L. Robards*, for appellant.

BATES, Judge, delivered the opinion of the court.

In this case a reversal of the judgment is sought upon several grounds, the first of which is, that a continuance asked by the defendant was improperly refused. It appears that the case was set for trial upon the 1st day of June, and that on the previous 29th of May, a subpœna was delivered to the

sheriff for a material witness for the defendant; the witness lived in the same county in the country, about fourteen miles from the place of trial. At the time the case was called for trial, the subpœna had not been returned, and it does not appear whether it had been served or not. We cannot say that reasonable diligence was used to procure the attendance of the witness, and therefore cannot say that there was any error in refusing the continuance.

The defendant then moved the court to require the plaintiffs to give security for costs, and also to give an additional appeal bond. The case having been brought up by the plaintiffs from a justice's court, these motions were overruled. The court may have overruled them because they were made after the case had been called for trial; at any rate, it does not appear that the court acted unwisely in overruling these motions made at that late day.

After verdict for the plaintiffs, the defendant moved for a new trial, on the ground that when the case was tried he was not ready, for the reasons stated in the application for a continuance (which was made by his attorney); and also for the reason that he lived in another county, and that a letter was written to him on the 28th of May apprising him of the time of trial, which letter he did not receive until the day of trial, and too late for him to get to the place of trial; and that he had in his possession receipts showing payment of the plaintiffs' demand.

These statements the court might well have regarded as failing to make out that the defendant had used reasonable diligence in preparing for the trial of the case. The defendant also filed an affidavit, that since the trial he had discovered new and other evidence; that is, that one Walden would testify, " that the plaintiffs herein told him (Walden) that if defendant could produce a certain order drawn on him (defendant) by the plaintiff John Kelly, for ten dollars and fifty cents, that he (defendant) had overpaid plaintiffs about two dollars for all the indebtedness for work and labor sued for; and that defendant did, in the presence of said

Walden, produce and show to him (Kelly) the said order, and that Kelly, after seeing said order, said that he and Ellis (the plaintiffs herein) had been fully paid as aforesaid for the work and labor sued for herein; which order is now in possession of defendant."

Without adverting to other defects in this application for a new trial upon the ground of newly discovered testimony, it is sufficient to say that the testimony does not appear to have been newly discovered, for the defendant himself was a participant in the very conversation which he states that the witness would prove.

Judgment affirmed.  Judge Bay concurs; Judge Dryden not sitting in the case.